## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| **Joe H. Bandy III,** | **Civil No. 06-2109 (JRT / SRN)** |
| **Plaintiff,** | |
| v. | **REPORT & RECOMMENDATION** |
| **David Crist, Joan Fabian, Mr. Hokonson, Ken Thole, Jerome G. Sauer, Joan [sic] Wing, Sean Swanson, and Matthew VanderVegt,** | |
| **Defendants.** | |

Joe H. Bandy III, *pro se*.

Richard L. Varco, Jr., Minnesota Attorney General's Office, 445 Minnesota Street, Suite 900, St. Paul, MN 55101, for Defendants.

This matter comes before the undersigned United States Magistrate Judge on Plaintiff's motion for a preliminary injunction (Doc. No. 10). The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1(a).

After filing a Section 1983 action alleging the violation of his constitutional rights as a state prisoner, Plaintiff filed a motion for a preliminary injunction. For the reasons stated below, the Court recommends that Plaintiff's motion (Doc. No. 10) be denied.

**I.      FACTUAL AND PROCEDURAL HISTORY**

Plaintiff, a prisoner at a Minnesota Correctional Facility, commenced this action in May 2006 by filing a complaint seeking relief under Section 1983 for alleged violations of his federal constitutional rights stemming from a dispute over Plaintiff's access to the prison law library. Plaintiff's Amended Complaint, filed August 9, 2006, sought (1) a declaration that his federal

rights had been violated, (2) preliminary and permanent injunctive relief ordering protection from retaliation and the modification of prison grievance procedures, and (3) damages. (Doc. No. 13.)

In the interim, on June 27, 2006, Plaintiff filed a motion for an injunction pursuant to Rule 65(a) (Doc. No. 10), claiming an emergency situation presenting the risk of "immediate and irreparable injury." Plaintiff alleged that following a dispute with prison officials regarding his access to the law library, they confiscated his legal papers. (Id.) Plaintiff requested an injunction ordering the return of all his legal papers, to be given an additional property tub, the appointment of counsel, and for the court to "treat this as an emergency situation and act [i]mmediately due to" the alleged violation of his First Amendment rights. (Id.)

## II.   DISCUSSION

Plaintiff's motion for a preliminary injunction asks this Court to order (1) the return of all of his legal papers, and (2) the issuance of an additional property tub. (Docket No. 10.)[1] The Court first notes that its authority does not extend to policing the minutiae of every particular complaint a prisoner raises regarding his incarceration. See Turner v. Safley, 482 U.S. 78, 84-85 (1987) (noting that separation of powers requires that courts must exercise "judicial restraint" in response to complaints regarding operation of prison by executive and legislative branches). This reluctance is particularly pronounced where a state prisoner seeks relief in federal court. Id. at 85 (noting that principles of federalism impose an "additional reason to accord deference to the appropriate prison authorities" where state prisoner brings suit in federal court); see Sandin v. Connor, 515 U.S. 472, 482 (1995) ("[F]ederal courts ought to afford appropriate deference and

---

[1] Plaintiff's request for the appointment of legal counsel has been addressed in a separate Order.

flexibility to state officials trying to manage a volatile environment.").

In addition, Plaintiff's motion, which preceded the filing of his Amended Complaint, requests preliminary injunctive relief regarding certain aspects of his incarceration–the return of his legal papers and the issuance of an additional property tub–for which he does not expressly seek relief in his subsequent Amended Complaint. The Court cautions Plaintiff that preliminary injunctions generally are not properly sought to order incidental relief peripheral to that which a movant seeks pursuant to a final judgment on the merits.

In any event, this Court may grant a preliminary injunction only upon a proper showing of (1) the probability of success on the merits, (2) that the movant will suffer irreparable harm absent the injunction, (3) the balance between this harm and the harm an injunction would cause other parties, and (4) where the public interest lies. Dataphase Systems, Inc. v. C L Systems, Inc., 640 F.2d 109, 113-14 (8th Cir. 1981) (en banc). Here, Plaintiff has made no showing of any likelihood of success on the merits or of irreparable harm.

### III.    CONCLUSION

Plaintiff has failed to make any showing of likely success on the merits or of irreparable injury so as to warrant preliminary injunctive relief.

### IV.    RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, IT IS HEREBY RECOMMENDED that:

1.    Plaintiff's motion for a preliminary injunction (Docket No. 10) be DENIED.

Dated:  December 21, 2006

    s/ Susan Richard Nelson  

SUSAN RICHARD NELSON  
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by January 8, 2007, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.