# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| JOE H. BANDY, III, | Civil No. 06-2109 (JRT/SRN) |
| Plaintiff, | |
| v. | |
| DAVID CRIST; JOAN FABIAN, individually and as Commissioner of Corrections for the State of Minnesota; MR. HOKONSON, individually and as program director of MCF/Lino Lakes; KEN THOLE, individually and as Lt. for MCF/Lino Lakes; JEROME G. SAUER, individually and as Lt. for MCF/Lino Lakes Due Process; JOHN WING, individually and as Sg. for MCF/Lino Lakes Due Process; SEAN SWANSON, individually and as Custody Officer for MCF/Lino Lakes; and MATTHEW VANDERVEGT, individually and as Custody Officer for MCF/Lino Lakes, | **ORDER ADOPTING REPORT AND RECOMMENDATION WITH MODIFICATIONS** |
| Defendants. | |

Joe H. Bandy, III, #125257, 1000 Lake Shore Drive, Moose Lake, MN 55767, *pro se*.

Kelly S. Kemp, Assistant Attorney General, **OFFICE OF THE MINNESOTA ATTORNEY GENERAL**, 445 Minnesota Street, Suite 1100, St. Paul, MN  55101, for defendants.

Plaintiff Joe H. Bandy's has objected to a Report and Recommendation issued by United States Magistrate Susan R. Nelson on November 29, 2007.  The Magistrate Judge recommended that the case be dismissed with prejudice.  After a *de novo* review of those

objections, *see* 28 U.S.C. § 636(b); Local Rule 72.2(b), the Court adopts the Report and Recommendation with modifications.

## BACKGROUND[1]

In 2006, plaintiff was incarcerated at the Minnesota Correctional Facility in Lino Lakes, Minnesota ("MCF-LL").  Plaintiff was permitted to access the prison library on either Tuesday or Thursday of each week.  Plaintiff, along with all other prisoners at MCF-LL, is required to sign up for library time in advance.  On April 3, 2006, plaintiff asked defendant Ken Thole, a lieutenant at MCF-LL, for additional library time. Defendant Thole allowed him to sign up for both Tuesday and Thursday.  Plaintiff subsequently asked for even more library time, but defendant Thole denied the request, citing security concerns[2] and the limited number of computers in the library.  Defendant Thole's practice was to authorize additional library access for inmates only if they were working on an active case and could demonstrate that the additional time was necessary.

According to correctional officer Timothy Dunn, on April 27, 2006, plaintiff asked if he could use the library, even though he had not signed up.  Plaintiff claimed that defendant Thole had authorized an exception to the sign-up policy.  Plaintiff then presented Dunn with Thole's written authorization allowing him to use the library on both Tuesday and Thursday.  Dunn asked another prison official, Sergeant Dahl, how

---

[1] These facts are based on the background section of the Report and Recommendation of the Magistrate Judge and on this Court's independent review of the record.

[2] Defendant Thole explained this by pointing out that MCF-LL operates on "controlled movement," which means that inmates in a residential unit travel together. This procedure permits the institution to house inmates who might otherwise be a danger to each other.

long this authorization was valid.  Sergeant Dahl replied that the authorization had been valid for just one week, and was now expired.  Plaintiff then claimed that he had received written approval from a librarian allowing him to use the library twice a week for a thirty-day period.  Plaintiff, however, was not able to produce this document.  Plaintiff was not allowed to use the library, and later wrote an Offender Kite Form ("Kite") complaining about Dunn's treatment.

On April 30, 2006, plaintiff wrote an additional Kite addressing his library access. Plaintiff alleged that defendant Thole had (1) refused to extend his authorization to use the library two days a week, (2) refused to lengthen the hours of plaintiff's library visits, (3) insisted that plaintiff write legal documents by hand, (4) forced plaintiff to send his legal documents "out open" to a non-legal address, and (5) generally caused him severe stress.

On May 2, 2006, defendant Matthew VanderVegt, another correctional officer, informed plaintiff that defendant Thole would like to meet with him to discuss the April 30 Kite.  Plaintiff told defendant VanderVegt that he did not want to talk with defendant Thole, and then went to Thole's office and told him this directly.  Following the brief encounter with Thole, plaintiff confronted defendant VanderVegt.  Plaintiff alleged that defendant Thole had threatened him, and accused defendant VanderVegt of "setting [plaintiff] up" by sending him to Thole's office.  Defendant VanderVegt responded by instructing plaintiff not to complain to prison staff about their peers, and by directing plaintiff to route any complaints through the prison's written grievance process.

Following plaintiff's comments, defendants Thole and VanderVegt placed plaintiff on "Investigative Restriction" status.

Later that day, defendant Thole and defendant Hokonson, a supervisor at MCF-LL, spoke with plaintiff about his conversation with defendant VanderVegt and about the accusations from plaintiff's April 30 Kite. Following this meeting, plaintiff was charged with "Lying and Misrepresentation" for the Kite allegations. Following a hearing, defendant Sauer issued a written summary of the evidence and concluded that plaintiff's Kite contained false allegations against Thole. Defendant Sauer sentenced plaintiff to ten days in segregation.

Plaintiff was involved in another incident on May 4, 2006. Plaintiff asked defendant Sean Swanson if he could use the library, even though he again was not on the sign-up list. When defendant Swanson pointed this out, plaintiff said he wanted to speak to defendant Thole. Defendant Swanson contacted defendant Thole, and he agreed to see plaintiff immediately. Defendant Swanson then instructed plaintiff to go to defendant Thole's office, but plaintiff refused and walked away. As a result of this incident, plaintiff was convicted of disobeying a direct order and sentenced to fifteen days in segregation, following another hearing before defendant Sauer.

Based on these events, plaintiff initiated this action under 42 U.S.C. § 1983. Although the Amended Complaint enumerates seven counts, the Magistrate Judge construed plaintiff's complaint and filings to include the following claims: (1) that prison officials denied him access to the court system by refusing him additional time in the law library; (2) that prison officials retaliated against him for pursuing his claims by imposing

disciplinary measures; and (3) that plaintiff's segregation violated his substantive due process rights.  Neither party has objected to this characterization of plaintiff's claims.[3] Following defendants' motion for summary judgment, the Magistrate Judge issued a Report and Recommendation recommending that the Court dismiss this case with prejudice.

## ANALYSIS

## I.      STANDARD OF REVIEW

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party can demonstrate that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  A fact is material if it might affect the outcome of the suit, and a dispute is genuine if the evidence is such that it could lead a reasonable jury to return a verdict for either party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  A court considering a motion for summary judgment must view the facts in the light most favorable to the non-moving party and give that party the benefit of all reasonable inferences that can be drawn from those facts.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

---

[3] Plaintiff's complaint originally also alleged that defendant VanderVegt had destroyed his typewriter.  The Magistrate Judge noted in the Report and Recommendation that neither party had briefed this issue or offered any evidence, and that the record suggested it had been settled. Plaintiff now asserts that these settlement talks have not been successful.  Plaintiff still, however, has failed to come forward with any evidence – or any details of this alleged incident – demonstrating that this claim should go forward.  Nonetheless, in light of the confusion over the status of this claim and this Court's inability to assess its merits, the Court believes it is appropriate that its dismissal be without prejudice.

## II.    ACCESS TO COURTS

"To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law[.]"  *Hartsfield v. Nichols*, 511 F.3d 826, 832 (8th Cir. 2008) (quotation omitted).  The prisoner must prove that the state's action "resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim."  *Id.* (quotation omitted).

Here, plaintiff alleges that defendants hindered a motion to the Minnesota Supreme Court.  That motion asked that court to either reconsider its denial of plaintiff's petition for a writ of mandamus or transfer that petition to the Minnesota Court of Appeals.  The Magistrate Judge noted that plaintiff had failed to explain the issues raised in this motion, and thus failed to demonstrate that the motion was not frivolous.[4]  The Magistrate Judge also emphasized that plaintiff's motion was a motion for reconsideration, and suggested that this also indicated plaintiff's motion was frivolous.  Plaintiff objects, arguing that a motion is not frivolous merely because it is a motion for reconsideration.

The Court agrees that not all motions for reconsideration are frivolous.  Plaintiff's motion may well have identified some error or omission in the earlier order and convinced the Minnesota Supreme Court to make a correction.  The fact that the

---

[4] The Magistrate Judge also concluded that plaintiff failed to demonstrate causation.  The Magistrate Judge noted that the deadline for plaintiff to file his motion had been April 23, 2007, and that he had not been denied additional library time until April 27, 2007.  Because the Court agrees that plaintiff failed to identify a non-frivolous legal claim, it need not address this issue.

Minnesota Supreme Court permits such motions clearly contemplates this possibility. However, the burden of demonstrating that plaintiff's motion for reconsideration was not frivolous is on the plaintiff.  *See Moore v. Plaster*, 266 F.3d 928, 933 (8th Cir. 2001).  The plaintiff failed to explain the grounds for his motion to the Magistrate Judge, and has failed to do so here as well, even after the Magistrate Judge identified this as dispositive of his claim.  This leaves the Court without a basis for concluding that plaintiff's motion for reconsideration raised a non-frivolous claim.   Accordingly, this Court adopts the Magistrate Judge's recommendation to dismiss plaintiff's access to courts claim with prejudice.[5]

## III.    RETALIATION

"An inmate may maintain a cause of action for retaliatory discipline under 42 U.S.C. § 1983 where a prison official files disciplinary charges in retaliation for an inmate's exercise of constitutional rights."  *Hartsfield*, 511 F.3d at 829.   "However, claims of retaliation fail if the alleged retaliatory conduct violations were issued for the actual violation of a prison rule."  *Id*.   "Thus, a defendant may successfully defend a retaliatory discipline claim by showing 'some evidence' the inmate actually committed a rule violation."  *Id*. (quotation omitted).

---

[5] Plaintiff adds that defendants did not tell him they believed his claim was frivolous when they denied him extended library access.  Thus, plaintiff argues, defendants should not be able to rely on this as a reason for dismissing his claim.  Regardless of what was said to plaintiff, however, he still was required to demonstrate that defendants' action caused an "actual injury." *Hartsfield*, 511 F.3d at 832.  As explained above, he has failed to do so.

Here, the discipline at issue was for (1) plaintiff's alleged misrepresentations about defendant Thole in the April 30 Kite, and (2) plaintiff's alleged failure to follow the direct order of defendant Swanson to go to the office of defendant Thole.  The Magistrate Judge surveyed the written and testimonial evidence supporting these charges, and concluded that defendants had produced "some evidence" that plaintiff committed each rule violation.[6]

Plaintiff objects to this conclusion, arguing that the Magistrate Judge applied an incorrect legal standard.  Plaintiff argues that the appropriate standard of review for prison disciplinary proceedings is "preponderance of the evidence," and contends that this standard was mandated in *Carillo v. Fabian*, 701 N.W.2d 763, 777 (Minn. 2005). Defendants respond that Eighth Circuit law addressing retaliation cases has consistently applied the "some evidence" standard.  Defendant adds, in the alternative, that the fact-finder – defendant Sauer – explicitly applied the "preponderance of the evidence" standard in plaintiff's disciplinary hearing, and that the evidence was strong enough to meet this standard.

The Eighth Circuit has clearly articulated the standard that applies to § 1983 retaliation claims: "[A] defendant may successfully defend a retaliatory-discipline claim by showing 'some evidence' that the inmate actually committed a rule violation." *Moore*, 266 F.3d at 931.  That standard was repeated as recently as January 2008, and

---

[6] The Magistrate Judge also concluded that there was insufficient evidence connecting plaintiff's discipline with his exercise of First Amendment rights.  Because the Court agrees that the Eighth Circuit's "some evidence" standard is satisfied, it need not reach that issue.  *See Hartsfield*, 511 F.3d at 829.

was described by the Eighth Circuit as "well settled." *Hartsfield*, 511 F.3d at 829. *Carillo*, on the other hand, dealt with the distinct question of when a prison could constitutionally impose discipline that delays a prisoner's release date. 701 N.W.2d at 777. In that context, the Minnesota Supreme Court determined that it was necessary to apply the "preponderance of the evidence" standard. *Id*. Here, the Magistrate Judge was correct to apply the standard that the Eighth Circuit has consistently applied to retaliation claims.

The Court also agrees that plaintiff's alleged rule violations were supported by "some evidence," as that requirement has been applied by the Eighth Circuit. As to the misrepresentation charge, the hearing officer, defendant Sauer, stated that he relied on incident reports, the notice of plaintiff's alleged violation, and on plaintiff's Kite. The hearing findings also indicate that defendant Sauer heard testimony from plaintiff, defendant Thole, and defendant VanderVegt. Specifically as to plaintiff's allegation that defendant Thole insisted that he write out his legal documents by hand, defendant Sauer noted that this was directly contradicted by defendant Thole's incident report. Under Eighth Circuit law, where the hearing procedures otherwise satisfy due process, "a report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as 'some evidence' upon which to base a prison disciplinary violation." *Hartsfield*, 511 F.3d at 831.[7] Similarly, in the case of plaintiff's alleged

---

[7] The Magistrate Judge did not interpret plaintiff's complaint to include a procedural due process claim challenging the partiality of the disciplinary proceedings. *See Wolff v. McDonnell*, 418 U.S. 539, 563-566 (1974) (listing the procedures that correctional facilities must follow to

(Footnote continued on next page.)

violation of a direct order, defendant Sauer indicated that he was relying on the incident report of defendant Swanson.   Accordingly, the Court adopts the Magistrate Judge's recommendation to dismiss plaintiff's retaliation claim with prejudice.

## IV.   SUBSTANTIVE DUE PROCESS

There are two ways to establish a substantive due process claim.   "First, the state violates substantive due process when it infringes fundamental liberty interests, without narrowly tailoring that interference to serve a compelling state interest."   *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998) (quotation omitted).   "Second, the state violates substantive due process when it engages in conduct that is so outrageous that it shocks the conscience or otherwise offends judicial notions of fairness, or is offensive to human dignity."   *Id*. (quotation omitted).

Here, plaintiff alleges that defendants violated his substantive due process rights by falsifying disciplinary charges and sentencing him to segregation.   As to the first substantive due process category, the Magistrate Judge concluded that plaintiff had not demonstrated infringement of a fundamental liberty interest.   As to the second category, the Magistrate Judge concluded that plaintiff had not proven any outrageous, conscience-shocking actions on the part of defendants.   Plaintiff objects, arguing that he has a

_____
(Footnote continued.)

conduct an impartial due process hearing).   In any event, the plaintiff has not pointed to any evidence in the record demonstrating that the prison failed to meet the requirements of *Wolff*. Moreover, specifically with respect to defendant Sauer, "[w]e begin with a presumption that decision-makers are honest and impartial."   *de Llano v. Berglund*, 282 F.3d 1031, 1035-36 (8th Cir. 2002).   Plaintiff has not supplied any evidence beyond "unsupported allegations" suggesting that Sauer failed to carry out his duties honestly and impartially.   *Cf. id*.

fundamental liberty interest in his access to courts and that the circumstances of his disciplinary sanctions were sufficiently outrageous.

The Court agrees that plaintiff has failed to make a sufficient showing for a substantive due process claim to go forward. Both the alleged limitations on plaintiff's access to the court system and the discipline imposed by the defendants have been fully considered above. Plaintiff has not shown that he was impeded in his ability to pursue a non-frivolous claim, and his disciplinary sanctions were adequately supported under the law of the Eighth Circuit. *See also Sandin v. Conner*, 515 U.S. 472, 486 (1995) (noting that a disciplinary segregation of 30 days did not offend a protected liberty interest). Accordingly, the Court adopts the Magistrate Judge's recommendation to dismiss plaintiff's substantive due process claim with prejudice.[8]

---

[8] Plaintiff also objects to an order by the Magistrate Judge denying his motion to compel. (Docket No. 45). Plaintiff sought copies of any communications by defendant Thole to any staff member of a prison sex offender treatment program, alleging that these documents will reveal a conspiracy between defendant Thole and one of the program's doctors. The Magistrate Judge denied this request, noting that it was not relevant to plaintiff's claims and that plaintiff had not sought these documents directly from defendants. The Court agrees that this request was not sufficiently relevant to the specific claims raised by plaintiff, and concludes that the Magistrate Judge's order was neither clearly erroneous nor contrary to law. *See* 28 U.S.C. § 636(b)(1)(A) (standard of review). In any event, the Court's dismissal of all of plaintiff's claims renders his request moot.

## ORDER

Based on the foregoing records, files, and proceedings herein, the Court **OVERRULES** plaintiff's objections [Docket No. 49] and **ADOPTS with modifications** the Magistrate Judge's Report and Recommendation dated November 29, 2007 [Docket No. 44]. Accordingly, **IT IS HEREBY ORDERED** that defendants' motion for summary judgment [Docket No. 31] is **GRANTED** as follows:

1)      Plaintiff's access to courts claim, retaliation claim, and substantive due process claim are all **DISMISSED with prejudice**.

2)      Plaintiff's claim for damage to his typewriter is **DISMISSED without prejudice**.

**IT IS FURTHER HEREBY ORDERED** that the Magistrate Judge's Order denying plaintiff's motion to compel [Docket No. 45] is **AFFIRMED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:    March 31, 2008                   _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                    JOHN R. TUNHEIM
                                                    United States District Judge